968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul H. NUNLEY, Petitioner-Appellant,
v.
R. Michael CODY, Respondent-Appellee.
 No. 91-6406.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Paul Nunley appeals the district court's dismissal of this habeas corpus petition, his fourth, as an abuse of the writ. Mr. Nunley's first habeas petition was dismissed for failure to exhaust, rec., vol I, doc. 10 at 4; his second was denied, id. at Ex. A; and his third was dismissed as successive, since it raised the same issues as the second petition, id. at Ex. B. Mr. Nunley now asserts several new grounds for relief. As the district court pointed out, however, Mr. Nunley has not demonstrated "cause" for his failure to raise these issues in his original petition. Therefore, this habeas petition constitutes an abuse of the writ under governing Supreme Court law. See McCleskey v. Zant, 111 S.Ct. 1454 (1991).
 
 
 3
 Mr. Nunley's motion to proceed in forma pauperis and his application for a certificate of probable cause are denied. The appeal is dismissed.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3